IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LARRY G. JUNKER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:02-CV-0172-M |
| | § | |
| JAMES R. EDDINGS, | § | |
| GALT MEDICAL CORP., and | § | |
| XENTEK MEDICAL, INC., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's Motion Directing Clerk to Release Funds, filed on March 30, 2005. Plaintiff requests that the Court release to him Defendants' supersedeas bond, which accompanied Defendants' appeal of the Court's Amended Judgment to the Court of Appeals for the Federal Circuit. The Court of Appeals affirmed the Amended Judgment on February 8, 2005. The Court is of the opinion Plaintiff's Motion should be DENIED.

The Amended Judgment was automatically stayed, by operation of FED. R. CIV. P. 62(d), when the Court approved Defendants' supersedeas bond. The parties dispute whether the stay terminated upon the issuance of a mandate by the Court of Appeals, or whether it persists, in light of Defendants' Petition for Certiorari. *Compare Water Techs. Corp. v. Calco, Ltd.*, 694 F. Supp. 1328, 1331 (N.D. Ill. 1988) (once the Court of Appeals issues its mandate, the supersedeas bond "will be released, and the proceeds will go to satisfy any damages that were upheld or determined by the court of appeals"), *with Tennessee Valley Auth. v. Atlas Mach. & Iron Works, Inc.*, 803 F.2d 794, 798 (4th Cir. 1986) (finding the intention of the parties controls the duration of a supersedeas

bond, because "no federal statute or provision of the Federal Rules of Civil Procedure or the Federal Rules of Appellate Procedure defines the conditions that must occur to trigger an appellant's obligation under a supersedeas bond"). The Court need not resolve the parties' dispute to adjudicate Plaintiff's Motion.

Irrespective of when a stay under Rule 62(d) self-terminates, the trial court has inherent authority to stay proceedings over which it has jurisdiction. *See Landis v. North American Co.*, 299 U.S. 248, 254 (1936); *Clinton v. Jones*, 520 U.S. 681, 683 (1997). Similarly, the Court may grant injunctive relief to a party, "to preserve the status quo during the pendency of an appeal, even to [the Supreme] Court". *Hawaii Housing Auth. v. Midkiff*, 463 U.S. 1323, 1324 (1983) (Rehnquist, Circuit Justice); *See also, Newton v. Consolidated Gas Co.*, 258 U.S. 165, 177 (1922). In determining whether such relief is proper, the Court "must weigh competing interests and maintain an even balance". *See Landis*, 299 U.S. at 254.

If Defendants prevail on appeal, and the Court has released the supersedeas bond to Plaintiff, the Court finds a substantial likelihood Defendants will be unable to promptly recover the proceeds of the bond. The prospect of satisfying a judgment that is later reversed on appeal poses a risk of substantial injury to the appealing party. *See Poplar Grove Planting & Refining Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1190 (5th Cir.1979). Plaintiff faces no similar risk if the Court denies his Motion. The supersedeas bond continues to accrue interest during Defendants' appeal, and therefore, Plaintiff is adequately compensated for his inability to immediately enforce the Court's Amended Judgment. *See id.* (the purpose of a supersedeas bond is to preserve the status quo, while the accrued interest compensates the prevailing party).

In the Court's view, in light of the particular circumstances of this case, the proper "balance" of interests is for the Court to preserve the status quo by staying the Court's Amended Judgment

until after the resolution of Defendants' appeal to the Supreme Court. Accordingly, Plaintiff's Motion is DENIED.

**SO ORDERED.**

**DATED**: April 29, 2005.

_____
Barbara M. G. Lynn
UNITED STATES DISTRICT JUDGE

-3-